UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

VALERIE MORAN,

    Plaintiff

-vs-                              Case No.
                                  Hon.

ADR & ASSOCIATES,
LESLIE BURKE,
JONATHAN DONATELLO,

    Defendants

## COMPLAINT & JURY DEMAND

*Plaintiff, Valerie Moran states the following claims for relief:*

## Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2. The claim presented under the FDCPA and TCPA present federal questions for purposes of 28 U.S.C. §§1331,1337.

3. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the

1

Federal law claims.

## Parties

4. The Plaintiff to this lawsuit is Valerie Moran who resides in Madison Heights, Michigan.

5. The Defendants to this lawsuit are:

   a. ADR & Associates ("ADR") which is a corporation doing business in Michigan, with its principal place of business in Houston, Texas.

   b. Leslie Burke ("Ms. Burke"), who is an employee and/or agent of ADR.

   c. Jonathan Donatello ("Mr. Donatello"), who is an employee and/or agent of ADR.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Oakland County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Some time during late June 2016, ADR attempted to collect a debt allegedly owed by Valerie Moran.

9. Sometime during late June 2016, an individual named Jonathan Donatello communicated with Valerie Moran for the first time on her cellular telephone

and left a voicemail message with Ms. Moran's alleged case number of "74181" and provided a callback phone number.

10. When Ms. Moran returned Mr. Donatello's phone call, a woman by the name of Leslie Burke answered and identified the company as ADR & Associates.

11. Ms. Burke informed Ms. Moran that Jonathan Donatello was an independent process server who was likely attempting to serve Ms. Moran.

12. Ms. Burke also informed Ms. Moran that there was a garnishment of wages pending against her, that a summons would be served upon her, and then hung up.

13. On or around July 5, 2016, Ms. Moran called ADR & Associates back and spoke with Ms. Burke.

14. Ms. Burke again claimed that a complaint and garnishment were pending and that the only way to make payment to them was by a pre-paid card.

15. Ms. Burke informed Ms. Moran that the debt arose from a pay day advance loan with signmyloan.net.

16. Ms. Moran advised Ms. Burke that she had never heard of signmyloan.net and had never gotten a pay day advance loan.

17. Ms. Burke claimed ADR was a Texas law firm; however, a search of the Texas State Bar's official site does not show any such law firm in existence.

18. Ms. Burke also advised Ms. Moran to pay on the debt because if ADR proceeded with a claim against her it would cost her "several thousand more" with attorney fees and court costs.

19. At all times material and relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

20. Defendant placed calls to Ms. Moran's cellular telephone using an automatic telephone dialing system.

21. Ms. Moran did not consent to these phone calls.

### COUNT I – Fair Debt Collection Practices Act

22. Ms. Moran incorporates the preceding allegations by reference.

23. At all relevant times – in the ordinary course of its business – ADR regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24. ADR is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Ms. Burke is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

26. Mr. Donatello is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

27. At all times relevant to this complaint, ADR, Ms. Burke, and Mr. Donatello

sought to collect an alleged debt from Ms. Moran.

28. ADR did not send Ms. Moran the statutorily required notice under FDCPA, 15 U.S.C. § 1692g.

29. ADR's actions, Ms. Burke's actions, and Mr. Donatello's actions to collect this alleged debt from Ms. Moran violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

30. Ms. Moran suffered damages as a result of these violations of the FDCPA.

## COUNT II- Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.*

31. Ms. Moran incorporates the preceding allegations by reference.

32. ADR has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Ms. Moran.

33. As a result of ADR's negligent violations of the TCPA, Ms. Moran may recover statutory damages of $500.00 for each and every call in violation of the statute; alternatively, ADR has knowingly or willfully violated the TCPA in relation to Ms. Moran, and Ms. Moran may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT III – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

34. Ms. Moran incorporates the preceding allegations by reference.

35. ADR is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

36. Ms. Moran is a debtor as that term is defined in M.C.L. § 339.901(f).

37. ADR's actions, Ms. Burke's actions, and Mr. Donatello's actions to collect from Ms. Moran violated the MOC, including, but not limited to. M.C.L. §§ 339.915, 339.915a and 339.918.

38. Ms. Moran suffered damages as a result of these violations of the MOC.

39. These violations of the MOC were willful.

## COUNT IV – Michigan Collection Practices Act as alternative to claims under the Michigan Occupational Code

40. Ms. Moran incorporates the preceding allegations by reference.

41. ADR is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

42. Ms. Burke is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

43. Mr. Donatello is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

44. ADR's actions, Ms. Burke's actions, and Mr. Donatello's actions to collect the alleged debt from Ms. Moran violated the MCPA, including, but not limited to, M.C.L. § 445.252.

45. Ms. Moran suffered damages as a result of these violations of the MCPA.

46. These violations of the MCPA were willful.

## Demand for Jury Trial

47. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

48. *Accordingly, Ms. Moran requests that the Court grant:*

    a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages.*

    c. *Treble damages.*

    d. *Statutory costs and attorney fees.*

Respectfully Submitted,

By: s/ Priya Bali
Priya Bali (P78337)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Valerie Moran
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Priya@MichiganConsumerLaw.Com

Dated: June 23, 2017